UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VILES DELICES,
    Plaintiff,

v.                                           Case No. 3:22cv5051/MCR/ZCB

JOHN MARTIN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. The complaint names as the Defendant, John Martin, an officer with the Florida Department of Corrections ("FDOC"). Plaintiff claims that Defendant violated the First and Eighth Amendments and committed the state torts of intentional infliction of emotional distress and breach of fiduciary duty. Currently before the Court is Defendant's motion for summary judgment. (Docs. 61, 81, 83). For the reasons below, the motion should be denied.

### I.   Background

This lawsuit arises out of an incident at Santa Rosa Correctional Institution (SRCI) on September 4, 2020. (Doc. 10 at 4-11). The parties

1

tell different stories about what happened. Their stories are summarized below.

### A. Plaintiff's version of events

In his verified amended complaint and affidavit, Plaintiff alleges that on September 4, 2020 at 11:30 p.m., Defendant took a cell phone from his own pocket and informed Plaintiff, "Look what I found in your possession." (Doc. 10 at 5; Doc. 81 at 13). Approximately two weeks earlier, Defendant had threatened to plant a cell phone on Plaintiff unless he dropped a lawsuit against another corrections officer. (Doc. 66-2, 69:16-25, 73:23–74:2).

After he purportedly found the cell phone in Plaintiff's possession, Defendant ordered Plaintiff to pack up his property. (Doc. 10 at 5; Doc. 81 at 13). Plaintiff was then handcuffed behind his back, and another officer (not named as a Defendant) escorted him out of L-dormitory. (Doc. 10 at 5-6). Defendant met Plaintiff outside of L-dormitory at the gate to the Captain's Office. (Doc. 10 at 6; Doc. 81 at 13). Defendant cursed at Plaintiff and called him derogatory names, but Plaintiff did not respond. (Doc. 10 at 6). Defendant then struck Plaintiff several times with closed

fists in the face and chest. (Doc. 10 at 6; Doc. 81 at 13). Plaintiff fell against a fence and then to the ground. (*Id.*). Prior to being struck, Plaintiff was neither resisting nor threatening Defendant. (Doc. 10 at 6). After being struck, Plaintiff begged for medical attention. (*Id.* at 7). Defendant told Plaintiff that "confinement would be his medical attention." (*Id.*). Plaintiff was then escorted to the confinement dormitory. (*Id.*).

Defendant wrote Plaintiff a disciplinary report for possession of a cellular device, and the disciplinary team found him guilty. (Doc. 10 at 8; Doc. 61-3 at 1, 3). As punishment, Plaintiff received sixty days' confinement and lost his recreation privileges. (*Id.* at 1).

Plaintiff says that Defendant's use of excessive force caused him to suffer contusions on his face, eyes, and chest, abrasions on his face, lips, knees, left shoulder and left arm, lacerations on his knees, and a cut in his eye. (Doc. 10 at 7; Doc. 66-2, 102:9–104:6). According to Plaintiff, the incident also caused him emotional distress. (Doc. 10 at 9-11). More specifically, he claims to suffer night terrors, rarely sleeps more than a few hours, and lives in fear of the prison guards. (*Id.* at 10).

3

For relief, Plaintiff seeks nominal damages of "$1.00 per day of the violation." (*Id.* at 11). He also seeks compensatory damages in the amount of $950,000.00 and punitive damages in the amount of $2,850,000.00. (*Id.*).

### B. Defendant's version of events

Defendant tells a different story about what happened on September 4, 2020. Defendant says that he caught Plaintiff with a cell phone in L-dormitory. (Doc. 61-5 at 2). Defendant confiscated the cell phone and directed another officer to take Plaintiff to the confinement dormitory. (Doc. 61-5 at 2). Defendant denies that he participated in, or was aware of, any physical strikes to Plaintiff's person. (*Id.*). Defendant also denies threatening to plant a cell phone on Plaintiff if he did not drop a lawsuit against another officer. (*Id.*).

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a

4

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. The central summary judgment question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. When answering that question, courts must view the evidence in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). And the nonmoving party bears the burden of coming forward with sufficient evidence on each element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A mere "scintilla" of evidence is insufficient to meet that burden. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004).

At the summary judgment stage, the judge is "not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. While *pro se* pleadings are liberally construed, "a *pro se* litigant does not escape the essential burden under summary judgment standards of

establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) (citations omitted).

## III. Discussion

Defendant makes two arguments in his motion for summary judgment. First, he says he is entitled to summary judgment because Plaintiff's allegations are "blatantly contradicted" by documentary evidence such that Plaintiff's averments are insufficient to create a genuine issue of material fact. (Doc. 61 at 13-15). Second, Defendant argues that Plaintiff cannot sustain an excessive force claim because his physical injuries were *de minimis*. (*Id*. at 16-19). Neither argument has merit for the reasons below.

### A. Defendant's first argument for summary judgment lacks merit.

When there are "two competing, contradictory stories of what happened," it is generally improper to grant summary judgment. *Hall v. Bennett*, 447 F. App'x 921, 924 (11th Cir. 2011). That is so because at the summary judgment stage it "is inappropriate for the district court to make credibility determinations or to weigh the evidence." *Sears v.*

*Warden*, 762 F. App'x 910, 914 (11th Cir. 2019). There is, however, an exception to the general rule. Under that exception, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. Before a court may disregard the nonmoving party's version of events, the evidence "must so utterly discredit the party's story that no reasonable jury could have believed that party . . . ." *Brooks v. Miller*, 78 F.4th 1267, 1278 (11th Cir. 2023). If the evidence "renders a party's story merely unlikely yet does not necessarily contradict it," the general rule applies and summary judgment should be denied. *Id.*

In this case, Defendant argues that the exception applies because Plaintiff's version of events is so "blatantly contradicted" by the record such that no reasonable jury could believe it. More specifically, Defendant says the medical records and other documentary evidence clearly demonstrate that Plaintiff did not have injuries consistent with the type of beating he described receiving from Defendant. Thus,

7

Defendant argues that the Court should disregard Plaintiff's version of events and accept Defendant's version.

The Court disagrees with Defendant's argument that the information in the record "blatantly contradicts" Plaintiff's allegations. Defendant relies heavily on the medical records, but the accuracy of the medical records is a matter of dispute in this case. Plaintiff says that Defendant prevented him from being seen by medical personnel immediately after the incident and, therefore, he claims his injuries are not accurately reflected in the medical records. (Doc. 81 at 2). Additionally, Plaintiff alleges that during a medical assessment the day after the incident he informed the nurse of the injuries caused by Defendant. Yet, according to Plaintiff, the nurse refused to document the injuries in the record because of Defendant's status as a supervisor at the prison and the nurse's bias against Plaintiff. (*Id*. at 3-4; Doc. 66-2, 81:23–82:20; 83:5-16, 94:13-25). Since there is a dispute regarding the accuracy of the medical records, the Court cannot say that they "blatantly contradict" Plaintiff's version of events such that summary judgment is appropriate.

The Eleventh Circuit reached the same result in an analogous case. *See Sears*, 762 F. App'x at 916. The prisoner-plaintiff in *Sears* brought an excessive force claim against a corrections officer. Although the parties' sworn statements presented different accounts of the incident, the district court granted summary judgment for the defendant because the plaintiff's medical records stated he did not have any visible injuries. *Id.* at 916. The Eleventh Circuit reversed. *Id.* at 922. In doing so, the *Sears* court explained that the plaintiff had challenged the accuracy of the medical records and alleged that the nurse failed to document his injuries because of pressure from the defendant. *Id.* at 916. Because the medical evidence relied on by the district court "was not uncontroverted," the Eleventh Circuit held "it was error" to grant summary judgment. *Id.* And the court explained that "the medical records here are not the same as the 'incontrovertible' video evidence that courts must accept over contradictory sworn statements, since those records involve people and all their intendant mental infirmities, biases, and limitations in their creation." *Id.* at 916-17; *see also Hall*, 447 F. App'x at 923-24 (finding that the district court erred in granting summary judgment for a

9

corrections officer based on the plaintiff-prisoner's medical records because such records did not blatantly contradict the version of events set forth in the plaintiff's sworn complaint).

Just as summary judgment was improper in *Sears*, it would be improper here. At the end of the day, this case comes down to which party's version of events is accurate. And making that decision requires a determination as to who is telling the truth about what happened. Because there is no uncontroverted evidence that "blatantly contradicts" Plaintiff's version of events, that is not a call the Court can make at the summary judgment stage. That is so because "[i]t is not the court's role to weigh conflicting evidence or to make credibility determinations." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citations omitted). Rather, "the non-movant's evidence is to be accepted for purposes of summary judgment." *Id.* Determinations of credibility and "the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Anderson,* 477 U.S. at 255. That is true even if the Court "believes that the evidence presented by one side is of doubtful veracity."

10

*Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006) (citation omitted). Thus, Defendant's first argument for summary judgment lacks merit.

### B. Defendant's second argument for summary judgment lacks merit.

That brings us to Defendant's second argument, which pertains only to Plaintiff's Eighth Amendment excessive force claim. Defendant says summary judgment is warranted because Plaintiff has not shown that he suffered more than a *de minimis* injury from the alleged excessive force. (Doc. 61 at 16-19). The Court finds this argument unpersuasive.

A prison official violates the Eighth Amendment by applying force "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Excessive force claims contain both an objective and subjective component. *DeJesus v. Lewis*, 14 F.4th 1182, 1195 (11th Cir. 2021). The subjective component focuses on whether "the force used was sadistically and maliciously applied for the very purpose of causing harm." *Id*. (cleaned up). And the "objective component looks to whether the officer's actions were harmful enough or sufficiently serious." *Id*. The objective component reflects the principle that "not every malevolent

11

touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (cleaned up).

With regard to the subjective prong, to determine whether force was applied sadistically and maliciously to cause harm courts look to the following factors: "[1] the need for the application of force, [2] the relationship between that need and the amount of force used, [3] the threat reasonably perceived by the responsible officials, and [4] any efforts made to temper the severity of a forceful response." *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). Through the consideration of these factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it will occur." *Id.* at 1300-01 (cleaned up).

Plaintiff says that Defendant unnecessarily and repeatedly struck him in the face and chest with closed fists while he was restrained. And Plaintiff claims the strikes caused injuries (bruises to his face, eyes, and chest, abrasions to his face, lips, knees, left shoulder and left arm,

12

lacerations on his knees, and a cut in his eye). Defendant argues that Plaintiff's lack of a more serious physical injury defeats his excessive force claim.

Even though Plaintiff's physical injuries were not life-threatening or life-altering, such a severe injury is not required for an excessive force claim. *See Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010) (stating that an excessive force claim did not require plaintiff to "have suffered lasting physical injury"). "As the Supreme Court has explained, an inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape serious injury." *Williams v. Radford*, 64 F.4th 1185, 1197 (11th Cir. 2023) (cleaned up). If "prison officials maliciously and sadistically apply force to cause harm, contemporary standards of decency are always violated, even in the absence of significant injury." *Sears*, 762 F. App'x at 915; *see also Cummings v. Harrison*, 695 F. Supp.2d 1263, 1274 (N.D. Fla. 2010) (recognizing that regardless of the amount of injury if "prison officials did not use force in a good-faith effort to maintain or restore discipline, but did so maliciously and sadistically to cause harm, and

13

inmate presents a viable claim") (cleaned up). Thus, the focus of the Eighth Amendment "inquiry is on the nature of the force applied, not the extent of injury." *Hall*, 447 F. App'x at 923-24

If things happened as Plaintiff says they did in this case (i.e., Defendant repeatedly punched Plaintiff in the face and chest without provocation or a penological purpose), then a reasonable jury could find that Defendant maliciously used gratuitous and unnecessary force in violation of the Eighth Amendment regardless of whether Plaintiff suffered serious injury. And the force alleged—repeated close-fist punching to the face and chest—was more than a minor push or shove. *See generally Wilkins*, 559 U.S. at 38 (explaining that an "inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim"). It was instead the type of force that has been consistently recognized as sufficient to raise an Eighth Amendment claim. *See id.* (finding that the plaintiff's Eighth Amendment claim that he was punched, kicked, and kneed by officer was sufficient to survive summary judgment even though he did not suffer serious injury); *see also Hudson*, 503 U.S. at 4 (holding that despite a lack

14

of serious injury, prisoner's Eighth Amendment claim should have been allowed to proceed to trial based on allegation that officer punched the plaintiff in the face, chest, and stomach without provocation). The Court, therefore, rejects Defendant's second summary judgment argument.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 61) be **DENIED**.

At Pensacola, Florida this 27th day of February 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.